UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL and BARBARA AUSTIN; WALTER and HARRIET BERRINGER; GEORGE and JOSEPHINE JEROLEMON; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN CHISICK; LEHMAN COMMERCIAL PAPER, INC.; LEHMAN BROTHERS, INC.,<br><br>Defendants. | CASE NO. SA CV 01-971 DOC<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT** |

In accordance with the Court's Order of March 11, 2009, lifting in part the stay previously imposed in this action and granting final approval of the settlement between the Class and Lehman Brothers Inc. ("LBI") and Lehman Commercial Paper, Inc. ("LCPI") (LBI and LCPI collectively, "Lehman"), the Court **HEREBY ENTERS FINAL JUDGMENT** in this action and, in so doing, **DISMISSES WITH PREJUDICE** the Class's claims against Lehman. In entering final judgment, the Court finds:

(a) The Class and Lehman have submitted to the jurisdiction of the Court, and the Court properly exercised subject matter jurisdiction in approving the settlement;

806086.1 - 1 -

(b) The Notice to Class Members of Settlement and of Class Plaintiffs' Counsel's Request for Reimbursement of Costs and Expenses, issued to Class members pursuant to the Settlement Agreement, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(c) The terms of the settlement are the product of good faith negotiations between the Class and Lehman, and the settlement is fair, reasonable and adequate under Rule 23. The Court therefore has directed that the settlement be consummated pursuant to its terms;

(d) Each Class member is bound by the terms of the settlement, including the release of claims set forth in Paragraph 4 of the Settlement Agreement, regardless of whether any such Class member ever seeks or obtains by any means, including, without limitation, by submitting a proof of claim, any amounts to be distributed in accordance with the terms of the settlement;

(e) In accordance with the settlement terms, plaintiffs and their counsel are not entitled to attorneys' fees. However, the Court has awarded $1,500,000 pursuant to the settlement as reimbursement for Class Counsel's costs and expenses incurred on behalf of the Class;

(f) The Court has approved the Class's request that each of the three couples who served as named plaintiffs in the litigation – Michael and Barbara Austin, Walter and Harriet Berringer, and George and Josephine Jerolemon – is entitled to receive $5,000 from the Class recovery in addition to the award to which they are otherwise entitled as Class members;

(g) The United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") shall have jurisdiction to enforce the Settlement Agreement in connection with the Bankruptcy Court's administration of the pending bankruptcy and liquidation proceedings involving Lehman;

(h) The releases set forth in Paragraph 4 of the Settlement Agreement are incorporated in this final judgment. The final judgment forever releases and discharges Lehman and any of its past or present directors, officers, employees, partners, members, principals, agents, servants, attorneys, accountants, auditors, advisors, associates, underwriters, trustees, consultants, investment bankers, investment advisors, insurers, co-insurers, reinsurers and excess insurers, predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, and related or affiliated entities, and the successors, assigns, representatives, heirs, executors, and administrators of each of them, from the released claims as set forth in the Settlement Agreement;

(i) Individual Class members are barred, enjoined and prohibited from instituting, prosecuting, or filing any claim, including by way of a proof of claim, as a class member or otherwise, in any further action or proceeding, in any jurisdiction, against the released persons asserting any claims that have been released pursuant to the settlement. This provision shall have no effect on the Class's ability to file a proof of claim seeking payment of the amount allowed under the settlement in the pending bankruptcy and liquidation proceedings;

(j) In accordance with the settlement terms, this action is dismissed with prejudice as to Lehman; and

(k) No just reason for delay exists, and the judgment of dismissal of this action as to Lehman is final and appealable.

**IT IS SO ORDERED.**

Dated: April 1, 2009

_David O. Carter_
The Honorable David O. Carter
United States District Judge

806086.1

- 3 -